In the matter of the Petition of Albert Victor Powell, *et al.*, for a new election to be held for Directors of "The Alberti Consolidated Mines Company."

*General Incorporation Law—Corporation Law of 1883—Corporations—Directors; Election of by Order of Court—Statute; Repeal of by Implication; By later Act— Jurisdiction of Court.*

Section 24 of Chapter 147, Vol. 17, Laws of Delaware, (Rev. Code 579) entitled "An Act Concerning Private Corporations," respecting the election of directors by order of the Court, does not apply to corporations created under the act of

March 10, 1899, as amended, entitled "An Act Providing a General Corporation Law" ; and therefore the Court is without jurisdiction in the premises.

(*March 10, 1904.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*E. A. Howell* (of the Philadelphia bar) and *Anthony Higgins* for petitioners.

*A. S. Ashbridge, Jr.,* (of the Philadelphia bar) and *C. W. Smith* for respondents.

Superior Court, New Castle County, February Term, 1904.

PETITION (No. 169, Nov. Term, 1903) for a new election to be held for directors of the Alberti Consolidated Mines Company under *Sec. 24, Chap. 147, Vol. 17, Laws of Delaware (Rev. Code, 579)*, conferring jurisdiction on the Superior Court in cases of contested elections for directors of corporations.

The respondents opposed the granting of the petition, contending that Section 24 of "An Act Concerning Private Corporations," passed March 14, 1883, (*Vol. 17, Chap. 147, Laws of Delaware*) has been repealed by "An Act Providing a General Corporation Law," approved March 10, 1899, (*Vol. 21, Chap. 273, Laws of Delaware*) as amended in 1901.


RESPONDENT'S BRIEF.

*First.* The law of 1899–1901 impliedly repeals all the provisions of the law of 1883 that are not re-incorporated in the law of 1899–1901.

" The enactment of a general system of government complete in itself, or the revision of a previous statute or statutes, covering the entire subject of such prior enactments, and the consolidation thereof especially with new provisions, in a single act complete in

itself, is regarded as evidence of the legislative intent and purpose to substitute the latter for the former, and consequently is a repeal thereof."

*Husbands vs. Talley, 3 Pennewill, 88 ; Bartlett vs. King, 12 Mass., 546 ; Fort Pitt B. & L. Ass'n. vs. Model Plan Ass'n., 159 Pa. St., 308 ; U. S. vs. Tynen, 78 U. S., 88, 92 ; Eckloff vs. Dist. of Columbia, 135 U. S., 240 ; Murdock vs. Mayor &c. of Memphis, 87 U. S., 590 ; District of Columbia vs. Hutton, 143 U. S., 18, 28.*

When it is once established that the legislature intended to revise the law on a given subject, the question of whether such legislation is inconsistent with previous legislation is not to be considered ; the fact of repeal is determined not by the repugnancy between the earlier and later statutes, but by the *intention of the Legislature to revise.* The fact of revision raises the presumption of a complete code.

*Sutherland on Statutory Construction, Sec. 155.*

The law of 1899–1901 is undoubtedly a revision of the law of 1883. The leading facts supporting this conclusion are as follows:

The broad scope of the Act is shown by its title "An Act to Provide a General Corporation Law."

The fact that it was passed in obvious compliance with the provisions of the new Constitution of 1897.

The fact that it covers the same general subject matter as the act of 1883, but with additions.

The fact that it embodies all of the Act of 1883 (with or without change) excepting only about seven provisions of substantive law.

The fact that it establishes a complete and formal system of rules, proceeding to minute details, on the general subject of corporations, their formation, dissolution, internal management and government.

The meaning of "subject" or "subject matter" of an act in this connection is, evidently, the general scope of the act, its field

of operations, so to speak, including all those details of remedy, practice, etc., which are found in every act of any comprehensiveness.

*Sutherland on Statutory Construction, Secs. 83, 84.*

This is the meaning given to "subject" in the constitutional provision (*Art. 2, Sec. 16*) that no bill shall embrace more than one subject which shall be expressed in the title.

*E. G. & T. Co.vs. Donahoe, 3 Pennewill, 191.*

The rule on the subject of repeal by revision is stated as follows: "A subsequent statute revising the *whole subject matter of a former one*, and intended as a substitute for it, operates to repeal the former."

*Bartlett vs. King, 12 Mass., 537; Giddings vs. Cox, 31 Vt., 607; State vs. Cooper, 13 N. E. Rep., 861; Forr vs. Brackett, 30 Vt., 344; State vs. Conkling, 19 Cal., 501.*

Clearly, therefore, the act of 1899–1901 embraces the same "subject" as the act of 1883, such subject being a system or code of rules relating to corporations, although some of the details of the earlier statute are omitted in the later.

*Second.* The repealing clause of the act of 1899–1901, Sec. 139, which repeals all inconsistent legislation, but saves all rights, privileges and immunities vested or accrued under prior laws, etc., does not prevent a repeal of Section 24 by implication.

*State vs. Conkling, 19 Cal., 501; Fisk vs. Henarie, 142 U. S., 459; Husbands vs. Talley, 3 Pennewill, 88*—(In this case the point under consideration was not referred to in the opinion, but the revisory act did in fact have an express repealing clause similar to. that in the act of 1899–1901.)

As to the effect of the saving clause of said section 139, it should be noted that there were no "rights, privileges or immunities vested" in these petitioners by prior laws, nor were any "duties, restrictions, liabilities, or penalties imposed" on any of the parties to this proceeding nor was "any right of action" conferred on petitioners by any prior laws. Section 24 does not confer

a right of action at all, but merely gives a more summary remedy for a right of action previously existing. This Court has always had control over corporate elections by means of the prerogative writs of *quo warranto* and mandamus.

*Cook on Corporations, Vol. 2, Secs. 616–620; Morawetz on Private Corporations, Vol. 1, Sec. 543-aa; Johnston vs. Jones, 23 N. J. Eq., 216, 226; In re St. Lawrence Steamboat Co., 44 N. J. L., 529, 537.*

Such saving clause therefore operates to preserve unimpaired such rights, privileges, duties, etc., as may have become vested in corporations (or members thereof) incorporated prior to 1899, and does not operate to continue such rights, privileges, duties, etc., as rules of law applicable to corporations created under the law of 1899, because

(a) The absolute repeal of prior legislation would in many instances immediately cut off such rights, privileges, restrictions, etc.

*Sutherland on Statutory Construction, Sec. 225.*

What may be termed " the normal function " of such a saving clause is therefore the prevention of the harsh consequences of an unqualified repeal.

(b) The act of 1899–1901 contains ths re-enactment of many provisions of the law of 1883 conferring rights and privileges and imposing duties and restrictions. Thus, Section 7 of the act of 1883 is substantially found in Section 35 of the act of 1899–1901. When a statute is enacted completely revising a prior law or laws and incorporating provisions of the former law which confer rights or impose duties, it is inconceivable that the intention was to carry over other and similar provisions merely by means of a saving clause in the repealing section. The conclusion is irresistible that only such provisions as are expressly re-enacted are intended to be continued in force as part and parcel of the new law.

(c) It is significant that the language of the saving clause is that rights, privileges, etc., " shall not be *impaired, diminished* or *affected.*" This is not apt language for the incorporation of such

rights, privileges, etc., in the revisory act, but is rather indicative of the idea that such rights, privileges, etc., are something separate and apart from the new law, that is, that rights vested under prior laws were not to be affected by the repealing section. If the intention had been to continue the provision relating to such rights, privileges, etc., as part of the revisory law, it would have been easy to use language appropriate to that end.

LORE, C. J.:—This is a rule to show cause why a new election for directors should not be held by the Alberti Consolidated Mines Company, under the order and direction of the Court, in lieu of the one held December 7, 1903, which it is alleged was irregular and fraudulent.

The application is made under *Section 24 of Chapter 147, Volume 17, Laws of Delaware (Rev. Code, 579)*, passed in 1883, which is as follows :

"SECTION 24. It shall be the duty of the Superior Court, upon the application of any person or persons or a body corporate, who may be aggrieved by or may complain of any election, or any proceeding, act or matter in or touching the same, reasonable notice having been given to the adverse party or to those who are to be affected thereby as (to) such intended application, to proceed forthwith, and in a summary manner, to hear the affidavits, proofs and allegations of the parties, or to otherwise inquire into the matter or causes of complaint, and thereupon to establish the election so complained of, or to order a new election, or to make such order, and give such relief in the premises as right and justice may appear to the said Superior Court to require ;".

The petition shows that the Alberti Consolidated Mines Company was incorporated September 25, 1902, under the provisions of an act of the General Assembly of the State of Delaware, approved March 10, 1899, entitled, "An Act Providing a General Corporation Law ;" which was amended and approved March 7, 1901.

The respondents asked that the rule be discharged, upon the ground that the act of 1883 so far as it relates to the subject matter in dispute, was and is repealed by the act of March 10, 1899, as amended by the act of March 7, 1901; the latter act being a general corporation law and a substitute therefor.

The question of jurisdiction thus raised has been fully and very ably argued. After careful consideration of the arguments, we are of opinion that Section 24, Chapter 147 of the Act of 1883 does not apply to corporations created under the Act of March 10, 1899, as amended, and that therefore this Court is without jurisdiction in the premises.

Let the rule be discharged.